# UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| DAITO KENTAKU USA, LLC, a Delaware limited liability company, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. _____ |
| v. | )<br>) JURY TRIAL DEMANDED |
| CRS RB4 HOLDINGS, LC, a Virginia limited liability company; COMSTOCK PARTNERS, LC, a Virginia limited liability company; COMSTOCK EMPLOYEE VENTURES, LC, a Virginia limited liability company; CP MANAGEMENT SERVICES, LC, a Virginia limited liability company, | ) |
| <u>Serve:</u><br>Corporation Service Company, Registered Agent, 100 Shockoe Slip Fl 2, Richmond, VA, 23219 – 4100 | ) |
| Christopher Clemente, Registered Agent 1900 Reston Metro Plz Fl 10, Reston, VA, 20190 – 5218 | ) |
| Defendants. | ) |

**COMPLAINT**

DAITO KENTAKU USA, LLC ("Daito" or "Plaintiff"), by and through its undersigned counsel, and for its Complaint against Defendants CRS RB4 HOLDINGS, LC ("CRH"); Comstock Partners, LC ("CP"); Comstock Employee Ventures, L.C. ("CEV"); and CP Management Services, LC ("CPM") (collectively "Comstock" or "Defendants"), respectfully states as follows:

**INTRODUCTION**

1. Daito and Comstock developed a luxury apartment project named BLVD Reston Station located at 1908 Reston Metro Plaza, Reston, Virginia (the "Property") pursuant to their joint venture, CRS BLVD I, LLC, a Virginia limited liability company (the "JV" or "BLVD"). Agreements between the parties set forth in detail the terms and ownership interest of each party. In 2020, Comstock reduced Daito's ownership interest in BLVD, and therefore in the Property, in material breach of agreement terms between the parties. For all purposes, Comstock continues to assert the reduction of Daito's interest, causing damage to Daito in excess of $10 Million.

**I.  THE PARTIES**

2. Plaintiff Daito is a Delaware limited liability company, having its principal place of business at 360 North Pacific Coast Highway, Ste 2000, El Segundo, CA 90245. Daito owns a 40% membership interest in BLVD ("Daito's Percentage Interest"). Plaintiff has one member, Daito Trust Construction Co., Ltd. that is a citizen of Japan.

3. Defendants develop, operate and manage assets and property of mixed-use and transit-oriented development properties.

4. Defendant CRH is a Virginia limited liability company, having its principal place of business at 1900 Reston Metro Plz Fl 10, Reston, VA, 20190. CRH owns a 59.5% membership

interest in BLVD (the "CRH Percentage Interest"). CRH is owned by CP and CEV.

5. Defendant CP is a Virginia limited liability company, having its principal place of business at 1900 Reston Metro Plz Fl 10, Reston, VA, 20190. CP owns a 90% interest in CRH.

6. Defendant CEV is a Virginia limited liability company, having its principal place of business at 11465 Sunset Hills Rd 5th fl, Reston, VA, 20190. CEV owns a 10% interest in CRH.

7. Defendant CPM is a Virginia limited liability company, formerly known as Comstock Management Services, LC, having its principal place of business at 1900 Reston Metro Plz Fl 10, Reston, VA, 20190. CPM is a non-member manager of CRH.

## II.   JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between the parties.

9. This Court has personal jurisdiction over Defendants because Defendants have conducted business in the Eastern District of Virginia by managing the Property in Reston, Virginia.

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendants have managed the Property in Reston, Virginia.

## III.   STATEMENT OF FACTS

11. In April 2014, CP and CEV formed BLVD.

12. In June 2015, CP and CEV assigned all interests in BLVD to CRH. Subsequently, CRH and Daito Asia Investment PTE LTD, a Singapore private limited company ("Daito Asia") entered into an original joint venture agreement, entitled Amended and Restated Limited Liability Company Agreement (the "JV Agreement"), with both Daito Asia and CRH

each making an initial capital contribution of $35,519,250, resulting in a 50% membership interest in the JV for each JV member. Total capital contributions by the members at that point were as follows:

    (i)    Daito Asia    $35,519,250 (50%)

    (ii)    Comstock (CRH)    $35,519,250 (50%)

13. In March 2016, development of the Property was completed.

14. In August 2016, pursuant to the first amendment to the JV Agreement (the "First Amendment"), Daito Asia assigned its membership interest in BLVD to Daito and withdrew as a JV member. By the First Amendment, Daito assumed all obligations and liabilities of Daito Asia under the JV Agreement.

15. By December 2018, Daito and CRH had made additional capital contributions, resulting in total capital contributions by each member up to that point as follows:

    (i)    Daito    $41,549,740 (50%)

    (ii)    Comstock (CRH)    $41,549,740 (50%)

16. In December 2018, BLVD faced a cash flow deficit and required additional capital contributions of approximately $20 Million. The parties engaged in discussions over the handling of the additional capital contributions and, in or about December 2018, Daito and CRH entered into a Second Amendment to Amended and Restated Limited Liability Company Agreement (the "Second Amendment," attached hereto as Exhibit A), which provided as follows.

    (i)    The Second Amendment exempted Daito from having to fund any portion of the $20 Million additional capital contribution;

    (ii)    The Second Amendment provided that if Daito did not execute a binding financial commitment and fund an investment of $40 Million or more in

        stabilized asset(s) presented to Daito by CRH or its affiliates or commonly controlled entities, by September 2019 (the "New Investment"), then Daito's Percentage Interest in the JV would be subject to a 1.5x dilution; and

  (iii)  The Second Amendment further provided that if (a) Daito did not make the New Investment, (b) CRH had met the Business Plan (which required, among other things, that BLVD achieve benchmarks of targeted leases, occupancy rate, average rents, NOI (Net Operating Income) and cash flow in 2019) and Budget for 2019, and (c) CRH had presented additional investment opportunities to Daito that were for stabilized assets that were reasonably projected to achieve a 5% yield and that, after normal and customary due diligence, did not result in a finding of fact so material and detrimental that it would prevent an ordinary and reasonable institutional or corporate investor from proceeding with the investment, then instead of a 1.5x dilution of Daito's Percentage Interest, Daito would be subject to a 2x dilution of Daito's Percentage Interest.

17. From June 2019 to September 2019, Comstock proposed two concrete investment opportunities to Daito but none satisfied the criteria as co-investment opportunity set forth in the Second Amendment. One of the opportunities was a multifamily co-investment deal but failed in a competitive bid with another investor group. The second opportunity was an office building co-investment deal, but it was not within the targeted criteria as a stabilized asset because it was not a multifamily property. Daito's business is that of multifamily properties, not office buildings, which was at all times known to Comstock.

18. Comstock did not meet the criteria set forth in the Business Plan for 2019.

Although Comstock provided an Investor Report that reflected an NOI for BLVD of $5.01 Million (5,015,314,000), this number was not accurate because Comstock inflated it by including its calculation of insurance money received by a related Comstock entity in connection with claims related to a water leak incident and a construction claim associated with an adjacent office building that was not part of the BLVD project. In addition, other criteria for meeting the Business Plan were also not met by Comstock, including required benchmarks for leases, occupancy rate, rent and cash flow.

19. The inflation of the NOI by Comstock was further evidenced by an Audited Financial Statement for 2019 that was sent to by Comstock to Daito on April 14, 2020, which reflecting an actual NOI for project of only $4.99 Million. Despite not achieving the benchmarks established in the 2019 Business Plan and Budget, Comstock provided an Audited Financial Statement to Daito with a note indicating a 2x dilution of Daito's Percentage Interest, thus claiming erroneously a percentage interest in BLVD of 70.4% for Comstock and 29.6% for Daito, to which Daito objected immediately after detecting the note in the Audited Financial Statement.

20. In 2020, Comstock filed FY 2019 K1 US Tax Return for CRH which reflected the inaccurate percentage interests in BLVD as 70.4% Comstock and 29.6% Daito, to which Daito objected and Daito submitted its own FY 2019 K1 US Tax Return which reflected the accurate percentage interests in BLVD as 60.0% Comstock and 40.0% Daito

21. In 2021, Comstock filed FY 2020 K1 US Tax Return for CRH reflecting the percentage interests in BLVD as 70.4% Comstock and 29.6% Daito, to which Daito objected and Daito submitted its own FY 2021 K1 US Tax Return which reflected the accurate percentage interests in BLVD as 60.0% Comstock and 40.0% Daito.

22. In July 2023, Comstock estimated that the fair market value of total percentage

interest in BLVD was $95.2 Million. As part of that estimate, Comstock noted the value of Daito's Percentage Interest was only $28.5 Million because of Comstock's invalid and unauthorized application of a 2x dilution to Daito's Percentage Interest to 29.6%.

23. The correct Daito Percentage Interest in BLVD is 40% and therefore the value of Daito's ownership interest in BLVD as of July 2023 was at least $38.5 Million, not $28.5 Million.

24. Article 15. 12 of the JV Agreement between the parties provides that, in the event of any dispute between the parties hereto or the taking of any action to enforce any of the terms or provisions hereof, the prevailing party shall be entitled to recover from the other party reasonable attorney's fees and costs incurred in connection therewith.

## COUNT I

## BREACH OF CONTRACT

25. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. The Second Amendment exempted Daito from making its proportionate share of the additional capital contribution of $20 Million without any impact on Daito's Percentage Interest unless and until:

> (i) Daito failed to complete the New Investment, in which case a 1.5x dilution will occur, or;
>
> (ii) Daito failed to complete New Investment, CRH has met the Business Plan and Budget for 2019 and any of the additional investment opportunities presented by CRH to Daito that Daito chose not to pursue were for stabilized assets that were reasonably projected to achieve a 5% yield and that, after normal and

customary due diligence, did not result in a finding of fact so material and detrimental that it would prevent an ordinary and reasonable institutional or corporate investor from proceeding with the investment, then the Percentage Interest of Daito would be subject to a 2x dilution.

27. The requirements necessary for any dilution to be applied towards Daito's Percentage Interest pursuant to the terms of the Second Amendment, were never met. No investment opportunity that qualified as a "New Investment" pursuant to the terms of the Second Amendment was ever presented by CRH to Daito and Comstock failed to achieve the performance criteria established in the 2019 Business Plan and Budget.

28. Nevertheless, CRH applied and continues to apply a 2x dilution penalty against Daito's Percentage Interest, drastically reducing the value of Daito's interest in BLVD.

29. CRH's application of the 2x dilution constitutes a breach of CRH's contractual obligations under the Second Amendment.

30. As a result of CRH's breach of contract, Daito has suffered damages including a reduction of Daito's interest in BLVD. With Comstock estimating BLVD to be worth $95.2 Million, the 2x dilution of Daito's interest represents a substantial loss of principle, interest and other damages of more than $10 Million as to be determined at trial.

WHEREFORE, Daito respectfully requests that this Court enter judgment against CRH and award:

A. Plaintiff damages in the minimum principal amount of $10,000,000, plus interest and other losses as proven at trial;

B. Reasonable attorneys' fees, court costs, and other expenses, as provided for in the JV Agreement; and

8

C. Such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## COUNT II

## DECLARATORY JUDGMENT

31. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. There has and continues to be an actual controversy between Daito and Comstock over Daito's Percentage Interest in BLVD.

33. For the reasons stated above, the requirements necessary for a 2x dilution to be applied towards Daito's Percentage Interest pursuant to the terms of the Second Amendment, were never met. Therefore, Daito is entitled to a declaratory judgment that Daito possesses a 40% percentage interest in BLVD.

WHEREFORE, Daito respectfully requests that this Court enter judgment against the Defendants and award:

A. A declaratory judgment that Daito possesses a 40% percentage interest in BLVD;

B. Reasonable attorneys' fees, court costs, and other expenses, as provided for in the JV Agreement; and

C. Such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues and claims so triable.

Dated: August 30, 2024          Respectfully submitted,

/s/Shirin Afsous
Alexander X. Jackins, VSB No. 45501
Shirin Afsous, VSB No. 89999
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102
Telephone: 703.749.1300
Facsimile: 703.749.1301
Email: jackinsa@gtlaw.com
      shirin.afsous@gtlaw.com

Pamela J. Marple, Mitsuru Tadatsu
(*pro hac vice* application forthcoming)
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037
Telephone: 202.331.3100
Facsimile: 202.331.3101
Email: pamela.marple@gtlaw.com
      tadatsum@gtlaw.com

*Counsel for DAITO KENTAKU USA, LLC*.