**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| DAITO KENTAKU USA, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:24-cv-1538-AJT-LRV |
| COMSTOCK PARTNERS, LC, *et al.*, | ) | |
| Defendants. | ) | |

# ORDER

This matter is before the Court on certain motions to seal (Dkt. Nos. 107, 115, 126, 136, 142, 149) (the "Sealing Motions"), the memoranda in support thereof (Dkt. Nos. 108, 121, 127, 137, 145, 150), and the responses thereto (Dkt. Nos. 129, 130, 133, 134, 153, 154, 155, 156, 157). The Sealing Motions concern information filed in connection with Plaintiff's Motion for Summary Judgment (Dkt. No. 104) and Defendants' Motion for Summary Judgment (Dkt. No. 110). Generally, the parties argue that they seek to seal competitively sensitive business and financial information contained in various materials, including audit reports, business plans, and appraisal reports, designated as confidential or highly confidential pursuant to the Stipulated Protective Order entered in this action (Dkt. No. 54). As discussed herein, after moving to provisionally seal over one hundred (100) documents, the parties have filed various objections to the Sealing Motions and Plaintiff argues that "with limited exceptions, the provisional motions of both parties should be denied."[1] (Dkt. No. 133 at 1.) Upon consideration of the Sealing Motions, the related briefing, and the materials for sealing, the Court makes the following findings.

[1] Plaintiff filed one omnibus-style opposition brief (*see* Dkt. No. 130) ("Plaintiff's Omnibus Opposition Brief") and several responses reiterating similar arguments against sealing the

A. Background

Pursuant to the Stipulated Protective Order entered in this action, the parties agreed that if one party designates a document as "Confidential" or "Highly Confidential" during the discovery process, then the party who seeks to attach that document to a pleading shall file that document provisionally under seal, along with a motion to seal and the other materials required under Local Civil Rule 5. (*See* Dkt. No. 54 at 9.) It is the party who designated the material as "Confidential" or "Highly Confidential" that carries the burden of establishing good cause for sealing, irrespective of which party filed the motion to seal. *See* L. Civ. R. 5 (C).

To determine whether there is good cause for sealing the materials at issue, the Court first sets forth: (i) what materials each Sealing Motion seeks to seal; (ii) who designated the materials as "Confidential" or "Highly Confidential" under the Stipulated Protective Order; and (iii) the parties' respective positions on whether those materials are sealable. Then, the Court will analyze the Sealing Motions under the applicable legal standard.

*Plaintiff's November 21, 2025 and November 26, 2025 Sealing Motions (Dkt. Nos. 107 & 126)*

On November 21, 2025, Plaintiff filed a motion to seal certain exhibits to Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment. (Dkt. No. 107.) That motion explains that Defendants designated the following thirty-nine (39) exhibits as Confidential or Highly Confidential: C, D, E, G, H, L-1, L-2, N, O, Q, R, S, T, W, Z, AA, EE, FF, HH, II-1, II-2, II-3, II-4, JJ-1, JJ-2, JJ-3, JJ-4, JJ-5, JJ-6, JJ-7, JJ-8, JJ-9, JJ-10, JJ-11, KK, LL, NN, OO, RR. And Plaintiff designated the following twenty-one (21) exhibits as Confidential or Highly Confidential: F-1, F-2, F-3, F-4, F-5, F-6, F-7, F-8, I, J, K, P, V, X, Y, BB, CC, DD, GG, MM, PP.

---

materials at issue (*see* Dkt. Nos. 133, 153, 157). Defendants present nearly identical arguments in favor of sealing across its filings. (Dkt. Nos. 129, 134, 155, 156.) Therefore, the Court finds it is more efficient to address the Sealing Motions together in one order.

The Motion requests that the sixty (60) exhibits remain entirely under seal.[2] Generally, these exhibits are audit reports, deposition excerpts, expert reports, fund proposals, appraisal reports, board materials, and banking documents. (*See id.*) In Plaintiff's memorandum in support of the motion to seal, Plaintiff argues that the twenty–one (21) exhibits it seeks to seal contain competitively sensitive information, including "internal procedures of Daito statutory board," "financial information regarding capital calls," and "expert reports, which contain financial, confidential, proprietary, information." (Dkt. No. 108 at 3–4.)

On November 26, 2025, Plaintiff filed its Supplemental Motion to File Under Seal seeking to seal portions of Plaintiff's Memorandum in Support of its Motion for Summary Judgment and Exhibit A thereto. (Dkt. No. 126.) Plaintiff moved to partially seal these two documents because "[o]n November 24, 2025, Defendants counsel reached out to [Plaintiff's counsel] informing them of two documents that contained some portions of material Defendants' counsel believed to be confidential." (Dkt. No. 127 at 1.) Plaintiff "disagrees with Defendants' position that this information contains information that should be permanently redacted from the public filing." (*Id.* at 2.) Nevertheless, consistent with its obligations under the Stipulated Protective Order, Plaintiff filed redacted copies of its memorandum and Exhibit A, (filed unredacted under seal at Dkt. Nos. 105, 105-1; filed with redactions at Dkt. Nos. 125, 125-1).

On December 1, 2025, Defendants filed a brief in response to the Sealing Motions at Dkt. Nos. 107 and 126, arguing that of the 61 exhibits at issue, the following 34 should remain fully sealed: E, F-1–F-5, F-7, F-8, G, H, I, J, K, L-2, N, O, R–T, Y, Z, AA–FF, II-1, JJ-11, LL, NN, OO, PP, and RR. (Dkt. No. 129 at 1.) Additionally, for the following 10 exhibits, Defendants "propose redactions that will serve as a less restrictive alternative to preserving the confidential and

---

[2] Filed under seal at Dkt. Nos. 132-1–132-60.

proprietary business and financial information," (Dkt. No. 129 at 2, 5–6): Exhibits C, D, Q, GG, HH, II-2, II-3, II-4, JJ-2, and JJ-4, (filed with redactions at Dkt. Nos. 132-1, 132-2, 132-22, 132-37, 132-38, 132-40–132-42, 132-44, 132-46.) With respect to the following 16 exhibits, Defendants "do not object to these exhibits remaining under seal" in their entirety: Exhibits F-6, L-1, P, V, W, X, JJ-1, JJ-3, JJ-5–JJ-10, KK, and MM. (*Id.* at 7.) Finally, Defendants argued that Plaintiff's Memorandum in Support of its Motion for Summary Judgment and Exhibit A thereto should be partially sealed, with the redactions that Plaintiff proposed as Dkt. Nos. 125, 125-1. (*Id.*) Defendants' position is that the information it seeks to seal consists of sensitive "confidential financial information, operational and performance data, and business strategy." (*Id.* at 3.)

On December 8, 2025, Plaintiff filed a reply brief regarding the Sealing Motions at Dkt. Nos. 107 and 126, in which Plaintiff explains that it has changed its position on the Sealing Motions. (Dkt. No. 133 at 1.) After several meet-and-confers between the parties, Plaintiff "concluded that very few documents meet the standard required to remain under seal, thus arriving at the position that, with limited exceptions, the provisional motions of both parties should be denied." (*Id.*) In support of Plaintiff's request to largely deny the motions to seal at Dkt. Nos. 107 and 126, Plaintiff references its omnibus opposition brief to the Sealing Motions. (*Id.* at 2 (citing Dkt. No. 130).) Plaintiff argues that: (i) "sealing such a large percentage of the records in this case deprives the public of the ability to understand the litigation," (ii) "operational performance data and other routine real estate business information are not proprietary, and Comstock has provided no support to show that they are," (iii) "most of the documents are from 2020 and earlier, further undercutting the validity of their sensitivity," and (iv) "Comstock provides only conclusory support that this information would affect their competitive standing, which is not enough to combat the First Amendment's right to disclosure." (*Id.* at 2–3 (citing Dkt. No. 130 at 4–6).)

Instead of sealing the 61 exhibits and Plaintiff's Memorandum in Support of Plaintiff's Motion for Summary Judgment, Plaintiff contends that only the following three documents should be sealed: (i) Exhibit W, Plaintiff's Board meeting agenda, (ii) Exhibit LL, Plaintiff's internal strategy document, with header stating "Board of Directors Meeting Materials," and (iii) Exhibit CC, an email thread amongst the parties dated from May 9, 2019 to May 10, 2019. (Dkt. No. 130 at 12; *see also* Dkt. No. 133 at 3.) Plaintiff asks that the Court partially seal Exhibit W, to redact everything other than "the parts referencing the capital contribution to BLVD." (*Id.* (citing Dkt. No. 132-27).) Plaintiff also requests that Exhibit LL remain fully under seal, because it "is sensitive as it involves detailed internal processes and handling." (*Id.* (citing Dkt. No. 132-55).) Finally, Plaintiff's position is Exhibit CC "should be redacted to only remove individual renters' names." (*Id.* (citing Dkt. No. 132-33).) Plaintiff did not file proposed redacted copies of Exhibit W and Exhibit CC.

*Defendants' November 21, 2025 Sealing Motion (Dkt. No. 115)*

On November 21, 2025, Defendants moved to file the following fifty-four (54) documents under seal: (i) portions of Defendants' Memorandum in Support of their Motion for Summary Judgment; (ii) Exhibits 3–7, 9–39, and 42 to the Declaration of Christopher Guthrie ("Guthrie Declaration"); (iii) portions of Exhibits 1 and 41 to the Guthrie Declaration; (iv) Exhibits 1–5 and 7–8 to the Declaration of Christian R. Schreiber ("Schreiber Declaration"); and (v) portions of Exhibits 6, 11–14, 16, and 18 to the Schreiber Declaration. (Dkt. No. 115 at 1.) Of those, Daito designated the following as Confidential and Highly Confidential: Exhibits 3, 5–7, 20, 25, 27–29, 32, 34, and 42 to the Guthrie Declaration and Exhibit 5 to the Schreiber Declaration. (Dkt. No. 121 at 2.) Generally, the documents at issue are financial statements, expert reports, and email correspondence. (*Id.* at 3.) Defendants designated the remaining documents at issue as Confidential or Highly Confidential, and argue the information therein consists of confidential,

sensitive "financial, operational, investment, and other business information" with competitive value. (*Id.* at 4, 5.)

On December 1, 2025, Plaintiff filed its Omnibus Opposition Brief to argue against sealing all the materials Defendants designated as confidential. (Dkt. No. 130.) In that brief, Plaintiff states that it "now understands that Comstock's position on these documents is that virtually everything that is a business document should be sealed from the public docket. Daito does not agree." (*Id.* at 2.) On December 8, 2025, Defendants filed a reply brief arguing the information at issue should be sealed because Defendants assert that the information at issue is competitively sensitive and that Plaintiff "has not pointed to—and Defendants are not aware of—a single case where a Court held that a document should not be sealed solely because of the age of the financial or other business information." (Dkt. No. 134 at 4.)

*<u>Plaintiff's December 12, 2025 Sealing Motion (Dkt. No. 136)</u>*

On December 12, 2025, Plaintiff moved to partially seal the following documents: (i) portions of Plaintiff's opposition to Defendants' Motion for Summary Judgment; (ii) eleven exhibits thereto; SS, UU, VV, ZZ, AAA, BBB, DDD, EEE, FFF, JJJ, and KKK; and (iii) portions of five Exhibits XX, YY, CCC, HHH, and III. (Dkt. No. 136 at 1.) Generally, these documents are communications amongst the parties, a management agreement, an expert report, an organizational chart, and deposition excerpts. (Dkt. No. 137 at 3–4.) In the memorandum filed along with the motion, Plaintiff reiterates its position that none "of the exhibits or information contained therein warrant wholesale seal or redactions" for the reasons set forth in Plaintiff's Omnibus Opposition Brief. (*Id.* at 2, 6 (citing Dkt. No. 130).)

On December 19, 2025, Defendants filed a response brief arguing that nine of the exhibits at issue can be filed publicly (*i.e.,* UU, VV, ZZ, AAA, DDD, EEE, FFF, III, and KKK) but the

remaining seven exhibits (*i.e.,* SS, XX, YY, BBB, CCC, HHH, JJJ) and Plaintiff's opposition brief should remain under seal. (Dkt. No. 154 at 1.) Defendants argue "[i]t is necessary to seal Exhibits SS and JJJ to protect confidential financial, business, and organizational information contained in these documents." (*Id.*) In support of sealing the organizational chart, Defendants cite to certain out-of-circuit cases. (*Id.* at 2 (citing *Bold Ltd. v. Rocket Resume, Inc.*, 2024 WL 1329921, *2-6 (N.D. Cal. Mar. 27, 2024); *Droplets, Inc. v. Yahoo! Inc.*, 2019 WL 9443777, *2-3 (N.D. Cal. June 18, 2019)).) Defendants also propose reducing the number of redactions to Plaintiff's opposition to Defendants' Motion for Summary Judgment. (*Id.* at 4–5.)

*Defendants' December 12, 2025 Sealing Motions (Dkt. No. 142)*

On December 12, 2025, Defendants filed a motion to partially seal their Memorandum in Opposition to Plaintiff's Motion for Summary Judgment. (Dkt. No. 142.) Defendants designated the information therein as sealable.[3] In support of sealing, Defendants argued that the opposition memorandum "contains confidential and sensitive financial and business information, including specific performance data of CRS BLVD I, LC ("BLVD"), the joint venture LLC of which CRH and Plaintiff Daito Kentaku USA, LLC are members, and distributions made to the members of BLVD." (Dkt. No. 145 at 2.) Defendants further argued that a competitor could use the "specific performance data and distribution information" in the opposition memorandum "to compete against BLVD and/or Defendants in the competitive Northern Virginia real estate market." (*Id.*)

On December 19, 2025, Plaintiff opposed Defendants' motion to partially seal Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment. (Dkt. No. 153.) Plaintiff requests that the Court deny Defendants' request to seal the following information: "(i) information on financial performance and metrics by BLVD, particularly net operating income

[3] Filed unredacted under seal at Dkt. No. 144; filed with redactions at Dkt. No. 140.

("NOI"); (ii) amounts Daito alleges were incorrectly included in NOI (i.e., settlement payments and insurance proceeds); and (iii) how many distributions BLVD has distributed." (*Id.* at 3.) Plaintiff contends that this information consists of "years-old routine business information" that "portrays [Defendants'] operations in a commercially disadvantageous manner," but it is not otherwise "sensitive" or a "trade secret." (*Id.* at 5 (citing *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 123-24 (D. Md. 2009).).) In Plaintiff's view, another deficiency is that Defendants state in a conclusory manner that revealing the provisionally sealed information would cause competitive harm without specifically explaining how such information could be used by a competitor. (*Id.* at 6.)

On December 26, 2025, Defendants filed a reply in support of their request to seal the memorandum at issue. (Dkt. No. 156.) Defendants assert that the information at issue is competitively sensitive and that Plaintiff "has not pointed to—and Defendants are not aware of—a single case where a Court held that a document should not be sealed solely because of the age of the financial or other business information." (Dkt. No. 156 at 4.)

*Plaintiff's December 18, 2025 Sealing Motion (Dkt. No. 149)*

On December 18, 2025, Plaintiff filed a motion to partially seal its Reply in Support of its Motion for Summary Judgment. (Dkt. No. 149.) Defendants designated the information therein as sealable.[4] Generally, the information at issue is: (i) BLVD's performance data; (ii) business or strategy information; and (iii) financial information, such reasoning is without basis in fact or law. (*See* Dkt. No. 150 at 4.) Plaintiff argues that the information is not sealable for the reasons set forth in Plaintiff's Omnibus Opposition Brief. (*See* Dkt. No. 150 at 2–3 (citing Dkt. No. 130.).) Plaintiff again argues it "does not believe any information contained in [Plaintiff's] Reply contains

[4] Filed unredacted under seal at Dkt. No. 152; filed with redactions at Dkt. No. 148.

confidential or proprietary information" and asserts "the unredacted version of Daito's Reply should be filed on the public docket." (*Id.* at 3.)

On December 26, 2025, Defendants filed a memorandum in support of their request to redact portions of Plaintiff's reply brief. (Dkt. No. 155.) Defendants again argue that the information at issue should be sealed for three reasons, because: (i) it consists of sensitive proprietary information, (ii) disclosure would result in competitive harm, and (iii) the information is subject to the parties' Amended and Restated Limited Liability Company Agreement ("LLC Agreement"), which requires the information be kept confidential. (*Id.* at 2–4.)

On January 2, 2026, Plaintiff filed a reply brief opposing the sealing on the same grounds Plaintiff relied on to oppose the other motions to seal discussed herein. (Dkt. No. 157 at 1 (citing Dkt. Nos. 130, 137, 150.) Plaintiff argues that Defendants fail to "make a substantial factual showing as to why the information must remain under seal." (*Id.* at 3.)

B. Legal Standard

When presented with a request to seal judicial records or documents, the Court must comply with certain substantive and procedural requirements. Substantively, the Court "first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (internal quotations and citations omitted). Where the right of access arises from the common law, the Sealing Motions should be granted if the movant can show a countervailing interest that "heavily outweigh[s]" the public interest in access to the documents. *Id.* (internal quotations and citations omitted). Under the more rigorous First Amendment standard, which applies to documents filed in connection with plea and sentencing hearings in criminal cases and documents filed in connection with a summary judgment motion in civil cases, "the denial of access must be necessitated by a compelling government interest and

narrowly tailored to serve that interest." *Id.* at 573 (quoting *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir.1988)). Here, the First Amendment standard applies to the Sealing Motions.

Procedurally, the Court must then weigh the appropriate competing interests by "(1) provid[ing] public notice of the request to seal and allow[ing] interested parties a reasonable opportunity to object, (2) consider[ing] less drastic alternatives to sealing the documents, and (3) provid[ing] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

C. Analysis

Turning to the first procedural requirement, Plaintiff and Defendants provided public notice of their requests to seal and interested parties have been given a reasonable opportunity to object. (Dkt. Nos. 109, 116, 128, 138, 143, 151.) The Court finds that the parties satisfied the notice requirement for their respective motions under *Ashcraft* and the Local Civil Rules.

Next, the Court must consider whether there are less drastic alternatives to sealing than the one proposed by the parties and whether there is good cause to seal the documents and reject the alternatives. To establish good cause under the more rigorous First Amendment standard, the burden "rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Va. Dep't of State Police*, 386 F.3d at 575. One of the "established exceptions to the presumption of public access [is] . . . where disclosure might reveal trade secrets." *Under Seal v. Under Seal*, 326 F.3d 479, 485–486 (4th Cir. 2003) (paraphrasing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598–99 (1978)). The Court has reviewed the non-public versions of the information that the parties seek to seal and the memoranda related to the Sealing Motions. (Dkt. Nos. 108, 121, 127, 129, 130, 133, 134, 137, 145, 150, 153, 154, 155, 156, 157). Based upon that review, the Court finds that the parties' arguments in favor of, and against,

sealing seek fall into the following categories (i) whether the information is nonsensitive business information that does not amount to a trade secret; (ii) whether the information is too old to be competitively valuable; and (iii) whether the LLC Agreement otherwise requires the information be sealed. The Court finds that none of the information is entitled to sealing under the more demanding First Amendment standard. In sum, the parties did not establish that the sealed information could cause harm to their competitive standing or cause an unfair competitive advantage. *See In MicroStrategy, Inc. v. Business Objects, S.A.*, 661 F.Supp.2d 548 (E.D. Va. 2009) (finding age of documents a factor in finding them as currently obsolete); *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 123-24 (D. Md. 2009).

Accordingly, it is hereby

**ORDERED** that the Sealing Motions (Dkt. Nos. 107, 115, 126, 136, 142, 149) are **DENIED IN PART**. It is further

**ORDERED** that the Clerk of Court is directed to unseal Dkt. Nos. 105, 105-1, 111, 112-1–112-8, 112-11–112-14, 112-16, 112-18, 113-1, 113-3–113-7, 113-9–113-39, 113-41–113-42, 132-1–132-26, 132-28–132-32, 132-34–132-54, 132-56–132-60, 135, 135-1, 135-3–135-4, 135-6–135-14, 135-16–135-19, 140, 148. It is further

**ORDERED** that the Sealing Motions are **GRANTED IN PART**, only with respect to Exhibits W, LL, and CC (Dkt. Nos. 132-27, 132-33, 132-55), which shall remain under seal until further order by the Court. It is further

**ORDERED** that Plaintiff file redacted copies of Exhibits W and CC as proposed in Plaintiff's oppositions briefs, (*see* Dkt. No. 130 at 12; Dkt. No. 133 at 3).

**ENTERED** this 30th day of September, 2026.

Alexandria, Virginia

/s/ LRV
Lindsey Robinson Vaala
United States Magistrate Judge